## S. C. UPSHAW v. C. T. BOOTH.

On the 30th of September, 1870, the Governor, acting under the authority of the "Enabling Act," approved June 28th, 1870, appointed U. to be district attorney of the 35th judicial district. On the 5th day of September, 1871, he appointed one B. to fill the same office. *Held*, that under the appointment of September 30th, 1870, U. was entitled to hold the office of district attorney until his successor was elected and qualified, and the law provided that the election should take place in November, 1872; and the Governor had no authority to remove him and appoint another person in his stead, the term of office of district attorneys being defined by Section 7 of the Act of August 15th, 1870. (General Laws, 129.)

ERROR from Hill. Tried below before the Hon. F. P. Wood.

There is no occasion for a statement of the facts.

*Hancock & West*, and *J. D. Sayers*, for plaintiff in error.

*G. R. Hart*, for defendant in error.

WALKER, J.   The term of office of a district attorney is fixed by law. (See General Laws of 1870, p. 128.)   The plaintiff in error was entitled to his office until his successor was elected and qualified, and the law provided that the election should take place in November, 1872.

We need not discuss the well-settled principle that an officer who holds his office for a term fixed by law cannot be removed at the pleasure of the Executive.   Very numerous authorities might be cited, and are cited in the brief of the plaintiff in error, wherein this principle is recognized.   The only case reported in Texas, bearing directly upon the question, is the case of Keenan *v.* Perry, 24 Texas Reports, p. 253.   Here the act of 1856 was held not to have been repealed by the act of 1858.   The Superintendent of the Lunatic Asylum held his office at the pleasure of the Executive.   In this case the court say:   " The continuation in office of a Superintendent " of the Lunatic Asylum, appointed under the act of 1856, was " determinable at the pleasure of the Governor; the law pro- " viding for the appointment by the Governor, but not pre- " scribing the duration of the office, the power of removal is " incident to the power of appointment."

The judgment of the District Court is reversed, and the cause dismissed.

The clerk will enter judgment in 1016 and 1063, in accordance with this opinion.

Reversed and dismissed.